PACE INDUSTRY UNION-MANAGEMENT )
PENSION FUND and its TRUSTEES: )
STAN JOHNSON, GARY BEEVERS, )
JON GEENEN, JAMES KIDDER, )
DALE OLSON, LISA SILVERMAN, )
and MARTIN EVERHART, )
                              )
3320 Perimeter Hill Drive )
Nashville, TN 37211-4123 )
                              )
              Plaintiffs, )
                              )
v. )      Case No._____
                              )
HUHTAMAKI, INC. )
                              )
8450 Gerber Road )
Sacramento, CA 95828 )
                              )
      Serve: National Registered Agents, Inc. )
            818 W Seventh Street )
            Los Angeles, CA 90017 )
                              )
              Defendant. )

## COMPLAINT

Plaintiffs PACE Industry Union-Management Pension Fund ("Fund") and its Trustees

(collectively, "Plaintiffs") file this Complaint against Huhtamaki, Inc. ("Defendant") as follows:

### Introduction

1. This action is brought under the Employee Retirement Income Security Act of

1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.* (1982) and the Labor Management

Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a money judgment awarding delinquent contributions owed pursuant to the Fund's Rehabilitation Plan for the 2010 Plan Year ("Rehabilitation Plan"), interest, liquidated damages, and attorneys' fees and costs incurred to recover the amounts owed to the Fund.

2.     Plaintiffs also seek to enjoin the prospective failure of Defendant to pay contributions due to the Fund in violation of Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 186, and in violation of the provisions of the Trust Agreement governing the Fund.

## Jurisdiction and Venue

3.     Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331 and 1337 (federal questions and commerce) and Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. §185.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Fund is administered in Nashville, Tennessee.

## Parties

5.     Plaintiff PACE Industry Union-Management Pension Fund (the "Fund") is a multi-employer employee benefit plan within the meaning of Sections 3(3) and (37) of ERISA, 29 U.S.C. § 1002(3), (37) and a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c).

6.     Plaintiffs Stan Johnson, Gary Beevers, Jon Geenen, James Kidder, Dale Olson, Lisa Silverman, and Martin Everhart are Trustees of the Fund (collectively, the "Trustees"). The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Fund is administered in Nashville, Tennessee. The Trustees bring this action on

2

behalf of the Fund and its participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

7. Upon information and belief, Defendant Huhtamaki, Inc. is a corporation organized under the laws of the State of Kansas with corporate headquarters at 9201 Packaging Drive, De Soto, KS 66018-8600, and this action concerns a plant located at 8450 Gerber Road, Sacramento, CA 95828. At all times pertinent to this action, Defendant was an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11), (12).

### Factual Allegations

8. Defendant and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial, and Service Workers International Union (USW), AFL-CIO-CLC, on behalf of its Local 819, have been, at all times pertinent to this action, parties to one or more collective bargaining agreements ("Agreements") obligating Defendant to make monthly contributions to the Fund for all employees covered by the Agreements.

9. Defendant also was party to a Standard Form of Agreement for Participation in the Fund ("Participation Agreement") at all times pertinent to this action. The terms of the Participation Agreement obligated the Defendant to be bound by the terms and provisions of the Fund's Agreement and Declaration of Trust ("Trust Agreement"), including all amendments thereto.

10. The Participation Agreement requires Defendant to submit monthly pension contributions to the Fund.

11. The Trust Agreement binds Defendant to the Fund's policies and rules regarding the collection of delinquent contributions adopted by the Trustees ("Delinquency Policy").

3

12. The Delinquency Policy requires Defendant to submit monthly remittance reports and pension contributions to the Fund.

13. Defendant owes contributions to the Fund as described in the Fund's Rehabilitation Plan adopted during the 2010 Plan Year, which the Fund adopted as required by the Pension Protection Act of 2006 (the "PPA"), ERISA Section 305(e)(3)(A)(ii), 29 U.S.C. § 1085(e)(3)(A)(ii). The PPA requires pension plans in "critical" status to adopt a rehabilitation plan aimed at restoring the financial health of the Fund. The Fund's actuary initially certified the Fund to be in critical status pursuant to ERISA Section 305(b), 29 U.S.C. § 1085(b), for the Plan Year beginning January 1, 2009, and the Fund has remained in critical status to the present.

14. As required by the PPA, the Rehabilitation Plan includes a Schedule with increases in contributions and reductions in future benefits. Upon the expiration of the Agreement in effect on July 30, 2010, Defendant was required adopt a contribution schedule with terms consistent with the Rehabilitation Plan and its Schedule, or, if there is no CBA in effect on July 30, 2010, within 180 days of August 1, 2010. If Defendant did not do so, then the Schedule is imposed by operation of law pursuant to ERISA Section 305(e)(3)(C), 29 U.S.C. § 1085(e)(3)(C). Because the bargaining parties failed to adopt an Agreement consistent with the Schedule and the Fund's governing documents and policies, pursuant to the Schedule—effective January 26, 2011, Huhtamaki's required hourly contribution rate is $1.3853 ("Default Rate").

15. Defendant's Agreement expired on April 17, 2010 and the bargaining parties did not enter into a successor agreement with terms consistent with the Rehabilitation Plan, its Schedule, and the Fund's governing documents and policies as of the January 26, 2011 deadline (180 days after August 1, 2010).

4

16. ERISA Section 305(e)(3)(C)(iii), 29 U.S.C. § 1085(e)(3)(C)(iii), provides that failure to pay the contributions mandated by the Rehabilitation Plan Schedule at the Default Rate is treated as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145, and is enforceable as such.

17. On January 16, 2013, Fund counsel sent a letter notifying Defendant that, pursuant to the Rehabilitation Plan, Defendant owed the Fund delinquent contributions at the Default Rate and interest for the period of February 2011 through May 2012 in the total amount of $20,105.07.

18. Defendant has not paid the delinquent contributions and interest owed to the Fund under Rehabilitation Plan.

19. Accordingly, Defendant now owes the Fund at least $23,450.97. Specifically, Defendant owes $17,141.62 in delinquent contributions at the Default Rate for the period of February 2011 through May 2012 at the Default Rate of $1.3853, interest in the amount of $2,881.03, accrued as of March 31, 2013, liquidated damages in the minimum amount of $3,428.32, which is equal to the greater of 20% of the delinquent contributions or the interest, attorneys' fees and costs, and any other amounts owed that the Fund discovers while this action is pending.

## COUNT I
## VIOLATIONS OF ERISA AND THE TRUST AGREEMENT

20. Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

21. By the foregoing conduct, the Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

5

22. Under Section 502(g)(2) of ERISA, the Fund is entitled to recover the unpaid contributions, interest, liquidated damages, and attorney's fees as part of its recovery for violations of Section 515.

23. Defendant owes the Fund $17,141.62 in delinquent contributions at the Default Rate of $1.3853 for the period of February 2011 to May 2012 pursuant to the Rehabilitation Plan, plus any other amounts owed that the Fund discovers while this action is pending, and interest in the amount of $2,881.03, accrued as of March 31, 2013.

24. For the time period prior to April 17, 2010, the Fund assessed interest on delinquent contributions at the Federal Fund's Discount Rate plus 2% pursuant to the Participation Agreement in effect. For the time period as of April 17, 2010 and later, the Fund assessed interest at a rate of 12% on the delinquent amounts owed pursuant to the Rehabilitation Plan as provided in the subsequent Participation Agreement in effect and the Delinquency Policy.

25. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Participation Agreement, the Trust Agreement, and the Delinquency Policy, the Fund is also entitled to liquidated damages in the minimum amount of $3,428.32, which is equal to the greater of 20% of the delinquent contributions or the interest, and attorneys' fees and costs incurred to collect the unpaid amounts. In total, Defendant owes the Fund at least $23,450.97.

### Prayer for Relief

**WHEREFORE,** Plaintiffs request a judgment against Defendant for all amounts due to Plaintiffs and such other relief as follows:

(1) Award to Plaintiffs all of the sums due the Fund under the terms of the Participation Agreement, the Trust Agreement, the Delinquency Policy, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of LMRA, 29 U.S.C. § 185, including (a)

6

$17,141.62 in delinquent contributions owed pursuant to the Rehabilitation Plan for the period of February 2011 to May 2012; (b) a minimum of $2,881.03 in interest on the delinquent contributions, from the date they became due and owing, until the date paid, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); (c) liquidated damages in the minimum amount of $3,428.32, which is equal to the greater of 20% of the delinquent contributions or the interest, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); (d) the attorneys' fees and costs incurred by the Fund in pursuing the delinquent contributions as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and (e) any other amounts that become delinquent or that the Fund discovers during this action;

(2) An injunction requiring Defendant, Defendant's officers, agents, servants, attorneys, successors, assigns, and all persons acting on its behalf to pay to Plaintiffs all monies due, including contributions owed pursuant to the Rehabilitation Plan due through the date of judgment and thereafter, liquidated damages, interest from the date payment was due until paid, or through the date of judgment, and for all other periods for which the Defendant is obligated to make payments to the Fund under the terms of a collective bargaining agreement;

(3) Order Defendant to pay Plaintiffs' attorneys' fees and the costs of this action, including fees and costs incurred in the execution of any judgment awarded, as set forth in the Fund's Trust Agreement and Section 502(g) of ERISA, as amended, 29 U.S.C. § 1132(g); and

(4) Grant Plaintiffs such further and other relief as may be just and proper.

7

Respectfully Submitted,

Michael Hamilton (Bar # 10720)
PROVOST UMPHREY LAW FIRM LLP
2021 Richard Jones Road, Suite 300
Nashville, TN 37215
Phone: (615) 242-0199
Fax: (615) 256-5922
mhamilton@provostumphrey.com

*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

921922v2

8