| | |
|---|---|
| PACE INDUSTRY UNION-<br>MANAGEMENT PENSION FUND and<br>its TRUSTEES: STAN JOHNSON,<br>GARY BEEVERS, JON GEENEN,<br>JAMES KIDDER, DALE OLSON, LISA<br>SILVERMAN, and MARTIN<br>EVERHART,<br><br>        Plaintiffs,<br><br>    v.<br><br>HUHTAMAKI, INC.,<br><br>        Defendant. | Case No. 3:13-cv-00393 |

## ANSWER AND COUNTERCLAIM

The Defendant, Huhtamaki, Inc., by its attorneys and for its Answer to the Complaint and Counter-Claim for damages, states as follows:

### Introduction

1. Defendant admits the description of this action set forth in the first sentence of this Paragraph. Defendant denies all allegations of delinquent contributions owed pursuant to the Fund's Rehabilitation Plan for the 2010 Plan Year, and further denies liability for any interest, liquidated damages, or attorneys' fees and costs.

2. Defendant admits the description of this action as set forth in this Paragraph but denies that the Plaintiffs are entitled to the relief described herein.

### Jurisdiction and Venue

3. Defendant does not contest this Court's subject matter jurisdiction over this action.

4.      Defendant does not contest the venue of this action.

**Parties**

5.      Admitted.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first sentence of this Paragraph.  Defendant admits the remainder of this Paragraph.

7.      Admitted.

**Factual Allegations**

8.      Defendant admits that, from time to time, it has been a party to one or more collective bargaining agreements with the USW, Local 819, and that the said Agreements, when in effect, obligated Defendant to make monthly contributions to the Fund for all employees covered by the Agreements.  Allegations contained in this Paragraph inconsistent with the foregoing are denied.

9.      Defendant admits that, from time to time, it has been a party to a Participation Agreement and that the said Participation Agreement, when in effect, obligated Defendant to abide by the terms and conditions of the Trust Agreement.  Defendant avers that the applicable Participation Agreement and Trust Agreement speak for themselves and denies any allegations or implications in this Paragraph to the extent inconsistent with the clear language of the said Agreements.  Allegations contained in this Paragraph inconsistent with the foregoing are denied.

10.      Defendant admits that, to the extent applicable, the Participation Agreement requires Defendant to submit monthly pension contributions to the Fund, but denies any implication that such contributions have not been made.

11.      Defendant admits that, to the extent applicable, the Trust Agreement binds

2

Defendant to the Delinquency Policy, but denies any implication that any such delinquent contributions exist.

12. Defendant admits that, to the extent applicable, the Delinquency Policy requires Defendant to submit monthly remittance reports and pension contributions to the Fund, but denies any implication that it has failed to submit any remittance report or pension contribution due.

13. Defendant denies the allegations contained in the first sentence of this Paragraph. The second sentence of this Paragraph is not a factual averment requiring either admission or denial, but to the extend Plaintiff implies any liability by virtue of this allegation, the same is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in the remainder of this Paragraph.

14. The first sentence of this Paragraph is not a factual averment requiring either admission or denial, but to the extend Plaintiff implies any liability by virtue of this allegation, the same is denied. Defendant denies the allegations contained in the second sentence of this Paragraph. The third sentence of this Paragraph is not a factual averment requiring either admission or denial, but to the extend Plaintiff implies any liability by virtue of this allegation, the same is denied. Defendant denies the allegations contained in the final sentence of this Paragraph.

15. Defendant avers that, according to Paragraph 1.14 of the Collective Bargaining Agreement between Defendant and USW Local 819, the said Collective Bargaining Agreement was to expire on midnight, April 16, 2010, and that no successor agreement was entered into on that date. Defendant further avers that the Rehabilitation Plan was not applicable as of April 16, 2010. All allegations contained in this Paragraph inconsistent with the foregoing are denied.

3

16. The statement contained in this Paragraph is not a factual averment requiring either admission or denial, but to the extend Plaintiff implies any liability by virtue of this allegation, the same is denied.

17. Defendant admits that, on January 16, 2013, Fund counsel sent a letter to the Defendant making certain demands, but denies that the allegations and conclusions in that letter were correct and denies any liability for demands made in that letter.

18. Defendant denies the existence of any delinquent contributions or interest thereon as alleged in this Paragraph.

19. Denied.

## COUNT I

### ALLEGED VIOLATIONS OF ERISA AND THE TRUST AGREEMENT

20. Defendant incorporates its responses to the foregoing Paragraphs as if stated herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

### AFFIRMATIVE DEFENSES

1. The Plaintiffs have failed to exhaust administrative remedies prior to instituting this action.

2. All or a part of the Plaintiffs' claims are barred by the doctrine of waiver.

3. All or a part of the Plaintiffs' claims are barred by the doctrine of estoppel.

4

## COUNTERCLAIM

Having fully responded to the Complaint, Defendant asserts the following counter-claim against the Plaintiffs:

1.     Defendant / Counter-Plaintiff incorporates herein by reference its responses and factual averments from Paragraphs 1 through 25 of its Answer, above.

2.     Defendant / Counter-Plaintiff brings this action for restitution under federal common law for the refund and or credit of contributions paid by mistake of law or fact.

3.     This Court has personal and subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §1331, 29 U.S.C. §§1132(a)(3), (e) and (f), Rule 13 of Federal Rules of Civil Procedure governing compulsory counterclaims, and the federal common law.

4.     Venue in this Court is proper under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

5.     For the period in question, Defendant / Counter-Plaintiff has been making monthly pension contributions to the Fund.

6.     For all or a portion of the period in question, Defendant / Counter-Plaintiff has been making monthly contributions in an amount greater than the alleged Default Rate of $1.3853 for each hour worked by an employee, up to 2,200 hours in a year.

7.     Prior to Plaintiffs / Counter-Defendants filing this action, Defendant / Counter-Plaintiff had requested accurate information with respect to the amount Plaintiffs / Counter-Defendants claimed to be owed.  Plaintiffs / Counter-Defendants have acknowledged that Defendant / Counter-Plaintiff has been paying at a rate higher than the Default Rate, but Plaintiffs / Counter-Defendants have failed to provide a consistent explanation of the amount they claimed and have refused to credit Defendant / Counter-Plaintiff for the amount of over-payment.

5

8. Through mistake of fact and law, Defendant / Counter-Plaintiff made contributions to the Fund in excess of the rate upon which said contributions should have been calculated.

9. Plaintiffs / Counter-Defendants have no right to receive or hold said contributions. Plaintiffs' / Counter-Defendants' continued retention and use of said contributions violates the terms of their own Participation Agreement and Trust Agreement and results in an unjust enrichment of Plaintiffs / Counter-Defendants and other contributing employers, to the harm and detriment of Defendants / Counter-Plaintiffs.

10. As a matter of common-law equity and pursuant to Sections of 402, 403(c), 409, 502(a), and 515 of ERISA, 29 U.S.C. §§ 1102, 1103(c), 1109, 1132(a), and 1145, Plaintiffs / Counter-Defendants are obligated to restore or credit the contributions they are wrongfully withholding from Defendants / Counter-Plaintiffs.

11. Defendant / Counter-Plaintiff is also entitled to recover or receive credit with respect to interest on the amount of overpayment.

12. Defendant / Counter-Plaintiff is also entitled to recover or receive credit with respect to its attorneys' fees and costs, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

***Wherefore, Defendant / Counter-Plaintiff prays:***

a. that Plaintiffs' / Counter-Defendants' cause of action be dismissed, with prejudice to the refiling of the same;

b. that Plaintiffs / Counter-Defendants be ordered to give an accurate accounting of the amount of overpayments made by Defendant / Counter-Plaintiff;

c. that Defendant / Counter-Plaintiff be awarded or credited the amount of overpayment made;

6

d. that Defendant / Counter-Plaintiff be awarded or credited interest on the amount owed by the Fund;

e. that Defendant / Counter-Plaintiff be awarded or credited its attorneys' fees and costs; and

f. for such further relief as this Court deems necessary and appropriate.

Respectfully submitted,

/s/ C. Eric Stevens
C. Eric Stevens, Bar No. 010632
estevens@littler.com
LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN  37201
Telephone: 615.383.3033
Facsimile: 615.383.3323

Attorneys for Defendant
HUHTAMAKI, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served via the Court's CM/ECF system upon the following:

Michael Hamilton
PROVOST UMPHREY LAW FIRM LLP
2021 Richard Jones Road, Suite 300
Nashville, TN 37215
Mhamilton@provostumphrey.com

This 24th day of May, 2013.

s/C. Eric Stevens
C. Eric Stevens

Firmwide:120499658.1 056551.1000

7