UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PACE INDUSTRY UNION MANAGEMENT PENSION FUND, *et al*., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3:13-cv-00393 District Judge Campbell |
| v. | ) ) | Magistrate Judge Griffin |
| HUHTAMAKI, INC., | ) ) ) | |
| Defendant. | ) ) | |

## COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM

Plaintiffs and Counterclaim Defendants, the PACE Industry Union-Management Pension Fund and its Trustees (collectively, the "Fund"), move to dismiss Defendant and Counterclaim Plaintiff Huhtamaki, Inc.'s ("Huhtamaki") Counterclaim for equitable restitution for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## Introduction

Huhtamaki has filed a Counterclaim against the Fund for equitable restitution under federal common law and under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Counterclaim must be dismissed because (1) Huhtamaki has not pleaded all of the essential elements of equitable restitution under federal common law, and (2) Huhtamaki does not have a right of action for equitable restitution under ERISA.

1

Huhtamaki did not allege three of the essential elements of its claim. To state a claim of equitable restitution for mistaken contributions, Huhtamaki must allege each of the following elements: (1) by mistake of fact or law, the employer paid contributions to the pension fund that the employer was not obligated to pay under the collective bargaining agreement; (2) the employer requested a refund of the contributions; (3) the fund denied the refund; and (4) such refusal was arbitrary and capricious. In addition to meeting these elements, Huhtamaki must also show that its contributions were the result of a mistake of fact or law within the exception of ERISA Section 403, 29 U.S.C. § 1103, banning payment of plan assets to an employer. Because Huhtamaki has not alleged elements (2) through (4), the Court must dismiss the Counterclaim against the Fund.

In addition, Huhtamaki has alleged that its Counterclaim for restitution arises under ERISA. To the contrary, the Court has jurisdiction over the Counterclaim solely based on federal common law arising under 28 U.S.C. § 1331. An employer does not have a private right of action, either express or implied, for restitution under ERISA. Therefore, the Counterclaim should also be dismissed to the extent Huhtamaki seeks to recover under ERISA.

**Argument**

I.       **Legal standard for a motion to dismiss under Rule 12(b)(6).**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F. 3d 430, 434 (6th Cir. 2008). The moving party has the burden of proving that no claim exists. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A court considering a motion to dismiss "must accept as true all of the factual allegations contained in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

2

**Huhtamaki has not alleged all of the essential elements of a claim for equitable restitution under federal common law.**

Huhtamaki has failed to state a counterclaim against the Fund for equitable restitution because the company has not pleaded all elements of the claim. "To state a valid claim, a complaint must contain direct or inferential allegations respecting *all the material elements* under some viable legal theory." *Commer. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (emphasis added). Huhtamaki has not done so.

To state a claim for equitable restitution under federal common law, Huhtamaki must allege that: (1) the employer paid contributions to the pension fund which the employer was not obligated to pay under the collective bargaining agreement; (2) the employer requested refund of the contributions; (3) the fund denied the refund; and (4) such refusal was arbitrary and capricious. *Laborers Pension Trust Fund-Detroit & Vicinity v. Interior Exterior Specialists Constr. Group, Inc*., 394 Fed. Appx. 285, 294-95 (6th Cir. 2010). In addition to pleading these elements, Huhtamaki must also allege that its "gratuitous contributions were the result of 'a mistake of fact or law' to come within the permissive exception to the statute's [ERISA Section 403, 29 U.S.C. § 1103(c)(2)(A)(ii)] outright ban on payment of plan assets to an employer." *Id.* at 295. Under Section 403(c), the "assets of a plan shall never inure to the benefit of any employer," unless "such contribution or payment is made by an employer to a multiemployer plan by a mistake of fact or law." 29 U.S.C. § 1103(c).

In the Counterclaim, however, Huhtamaki alleges only the first element and that the contributions were made by mistake of fact or law: "Through mistake of fact and law, Defendant/Counter-Plaintiff made contributions to the Fund in excess of the rate upon which said contributions should have been calculated." (Counterclaim ¶ 8.) There are no allegations that Huhtamaki requested a refund of the contributions, that the Fund denied the request, and that

3

the denial was arbitrary and capricious. Because Huhtamaki has not alleged all of the essential elements of its claim for equitable restitution, the Court should dismiss the Counterclaim.

**III.  Huhtamaki cannot state a claim for restitution under ERISA as a matter of law.**

In addition, Huhtamaki has alleged that its claim for equitable restitution arises under ERISA and seeks to recover remedies only available under ERISA. (Counterclaim ¶¶ 3, 10, 12.) But this Court lacks jurisdiction under ERISA as a matter of law. The Sixth Circuit has held that an employer does not have a right of action, express or implied, for restitution under ERISA as a matter of law. *See Whitworth Bros. Storage Co. v. Central States, Southeast and Southwest Areas Pension Fund,* 794 F.2d 221, 235 (6th Cir. 1986), *cert. denied,* 479 U.S. 1007 (1986) (holding that an employer seeking to recover mistaken contributions did not have a private right of action under ERISA Section 502(a)(3) or an implied right of action under ERISA Section 403). Instead, the Sixth Circuit has "recognized a limited right of action under federal common law for equitable restitution of mistaken payments." *Id.* at 294. Accordingly, to the extent that Huhtamaki seeks to recover payments made to the Fund under ERISA, its Counterclaim should be dismissed.

**Conclusion**

Huhtamaki has failed to plead factual allegations in support of all elements of its claim for equitable restitution, and Huhtamaki does not have a claim for equitable restitution arising under ERISA. Therefore, Huhtamaki has failed to state a claim under Rule 12(b)(6), and the Fund respectfully requests that the Court dismiss the Counterclaim in its entirety.

4

Dated: June 14, 2013                              Respectfully Submitted,

                                    *s/* Laura Offenbacher Aradi
                                    W. Michael Hamilton (Bar # 10720)
                                    PROVOST UMPHREY LAW FIRM LLP
                                    2021 Richard Jones Road, Suite 300
                                    Nashville, TN  37215
                                    Phone: (615) 269-8892
                                    Fax: (615) 256-5922
                                    mhamilton@provostumphrey.com

                                    Laura Offenbacher Aradi (*pro hac vice*)
                                    SLEVIN & HART, P.C.
                                    1625 Massachusetts Avenue, NW, Suite 450
                                    Washington, D.C.  20036
                                    Phone: (202) 797-8700
                                    Fax: (202) 234-8231 (fax)
                                    laradi@slevinhart.com

                                    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on this 14th day of June, 2013, I served the foregoing via CM/ECF on all counsel of record set forth below:

C. Eric Stevens
LITTLER, MENDELSON, P.C.
3200 West End Avenue, Suite 500
Nashville, TN 37203
Phone: (615) 383-3033
Fax: (615) 691-7807
estevens@littler.com
*Counsel for Defendant*

                                    *s/* Laura Offenbacher Aradi
                                    Laura Offenbacher Aradi

20012774v1

5